By the Court.—Freedman, J.
This action was brought on a policy of marine insurance, insuring Parsons & Loud, on account of whom it may concern, in the sum of $1,500 on the body, tackle, apparel and other furniture of the brig “ Emily T. Sheldon,” for one year from July 14,1885, and covering among other risks, perils of the sea and barratry of the master and mariners.
The plaintiff was the owner of three - sixteenths of said brig; was the master of the vessel and in command of her at the time of her loss. He was sailing the vessel on shares, furnished and paid the crew; and the provisions on board, which at the time of the loss were of the value of $130, belonged to him. The policy was taken out for the account of the plaintiff.
The brig sailed from Boothbay, Maine, with a cargo of ice on March 18,1886, bound for Annapolis, Md., and went ashore at Peaked Hill Bars, near Provincetown on Cape Cod, on March 22, 1886. She thereafter became a total loss and was stripped and *203 sold. The net proceeds of said sale were $756.22, of which the plaintiff received three - sixteenths.
As the plaintiff was master and part-owner, and in command at the time of the loss, no claim can arise for loss by barratry, and to recover, the plaintiff must show a loss arising from the perils of the sea. These perils, as defined by Kent, denote natural accidents peculiar to the sea, which do not happen by intervention of man, nor are to be prevented by human prudence. Another definition of sea peril is, “ a sea damage occurring at sea and nobody’s fault.”
At the trial it was made to appear that the brig was lost by reason of the omission of the plaintiff as master to take certain precautionary measures which a careful and prudent captain would have taken under the same circumstances, and the real substantial issue litigated was whether such precautionary measures were not taken in consequence of plaintiffs’ intoxication or in consequence of plaintiffs’ sickness for which he was not to blame. Upon this issue there was quite a conflict of evidence.which could only be determined by the jury, and the whole case was submitted to the jury under a charge which carefully guarded every right which the defendant could rea-' sonably claim.
The defendant could not rightfully claim, upon all the facts disclosed, that, as matter of law, the mate should have ascertained the plaintiffs’ condition and taken charge of the vessel in time to prevent her loss, and that, having failed to do so, it was such negligence on the part of the mate as relieved the defendant from liability. The question of negligence on the part of the mate presented under all the circumstances a question of fact, and as such it was fairly submitted, to the jury. Upon this point the trial judge charged the jury, that if the captain was incapable of performing his duties, the duty devolved upon the mate to act in his place, but that the mate *204 could not be expected to ascertain the captain’s condition any sooner than that condition could be ascertained by a reasonable and careful man under the circumstances.
A careful examination of the whole case shows that there is no merit in any of the exceptions taken.
The .judgment and order should be affirmed with costs.
Sedgwick, Oh. J., and Truax, J., concurred.